J-S18011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN GENE PRITTS | |
| Appellant | No. 900 WDA 2017 |

Appeal from the Judgment of Sentence imposed January 17, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No.: CP-65-CR-0002086-2014

BEFORE:  STABILE, MUSMANNO, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                   **FILED  JUNE 18, 2018**

Appellant Kevin Gene Pritts appeals from the judgment of sentence entered in the Court of Common Pleas of Westmoreland County ("trial court"), following his jury convictions for multiple sex crimes against a child under the age of thirteen.  Upon review, we affirm Appellant's convictions, but reverse his sexually violent predator ("SVP") designation and remand for the sole purpose of having the trial court issue the appropriate notice under 42 Pa.C.S.A. § 9799.23 as to Appellant's registration requirements.

On March 17, 2016, a jury found Appellant guilty of two counts of involuntary deviate sexual intercourse with a child, two counts of indecent assault of a child, endangering the welfare of children, and corruption of

minors.[1]  Pursuant to the Sexual Offender Registration and Notification Act ("SORNA"), the trial court ordered the Sexual Offender Assessment Board ("SOAB") to evaluate whether Appellant met the criteria for designation as an SVP and deferred sentencing pending the completion of the evaluation.  On January 17, 2017, following a hearing, the trial court found that Appellant met the criteria for an SVP designation.  On the same day, the trial court sentenced Appellant to an aggregate term of ten to twenty years' imprisonment followed by five years of probation.  Appellant timely filed post-sentence motions, which the trial court denied.  Appellant appealed to this Court.  The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal, Appellant raises two issues for our review:

[I.] Is [Appellant] entitled to have his SVP determination vacated pursuant to **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017)?

[II.] Does the use of a sexual assault expert witness under 42 Pa.C.S.A. § 5920 violate [Appellant's] rights to a fair trial, due process, and confrontation?

Appellant's Brief at 6.

We first address Appellant's argument challenging his SVP designation. Briefly, on July 17, 2017, our Supreme Court held in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), **cert. denied**, 138 S. Ct. 925 (2018), that SORNA's registration provisions constitute punishment, and, therefore, the

_____

[1] 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), 4304(A), and 6301(a)(1)(ii), respectively.

retroactive application of those provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions. A few months later, a panel of this Court issued **Butler** acknowledging that "**Muniz** was a sea change in the longstanding law of this Commonwealth as it determined that the registration requirements under SORNA are not civil in nature but a criminal punishment." **Butler**, 173 A.3d at 1215. As such, the panel concluded that the statutory mechanism for designating a defendant as an SVP set forth in 42 Pa.C.S.A. § 9799.24(e)(3), which permits a trial court to make the determination based upon clear and convincing evidence, was "constitutionally flawed" pursuant to the United States Supreme Court's decisions in **Alleyne v. United States**, 570 U.S. 99 (2013) and **Apprendi v. New Jersey**, 530 U.S. 466 (2000). In **Alleyne**, the United States Supreme Court held that any fact that increases the mandatory minimum sentence of a crime is an element that must be submitted to a jury and proved beyond a reasonable doubt. In **Apprendi**, the Court held that any fact, other than a prior conviction, that increases the penalty of a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. The **Butler** Court, therefore, held that "[T]rial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism." **Butler**, 173 A.3d at 1218. Accordingly, the panel vacated the order designating the defendant as an SVP, and remanded the case to the trial court to issue the appropriate notice under Section 9799.23 of SORNA as to the defendant's registration obligations.

Here, as stated, Appellant's first argument challenges his designation as an SVP under our recent decision **Butler**, the facts of which are indistinguishable from this case. Thus, consistent with **Butler**, we are constrained to reverse Appellant's SVP designation and remand this case to the trial court to issue a proper notice under Section 9799.23 of SORNA.

Appellant next challenges 42 Pa.C.S.A. § 5920, claiming it violates his "constitutional rights to a fair trial, due process, and confrontation." Appellant's Brief at 11. In so doing, Appellant seeks a backdoor approach to exclude the trial testimony of the Commonwealth's expert Carol Hughes, a licensed psychologist. N.T. Trial, 3/16/16, at 242.

Section 5920 provides:

> **(a) Scope.--**This section applies to all of the following:
>
> > (1) A criminal proceeding for an offense for which registration is required under Subchapter H of Chapter 97 (relating to registration of sexual offenders).
> >
> > (2) A criminal proceeding for an offense under 18 Pa.C.S. Ch. 31 (relating to sexual offenses).
>
> **(b) Qualifications and use of experts.--**
>
> > (1) In a criminal proceeding subject to this section, a witness may be qualified by the court as an expert if the witness has specialized knowledge beyond that possessed by the average layperson based on the witness's experience with, or specialized training or education in, criminal justice, behavioral sciences or victim services issues, related to sexual violence, that will assist the trier of fact in understanding the dynamics of sexual violence, victim responses to sexual violence and the impact of sexual violence on victims during and after being assaulted.
> >
> > (2) If qualified as an expert, the witness may testify to facts and opinions regarding specific types of victim responses and victim behaviors.

(3) The witness's opinion regarding the credibility of any other witness, including the victim, shall not be admissible.

(4) A witness qualified by the court as an expert under this section may be called by the attorney for the Commonwealth or the defendant to provide the expert testimony.

42 Pa.C.S.A. § 5920 (footnote omitted).

Instantly, based on our review of the record, it appears that Appellant failed to challenge the constitutionality of Section 5920 in the trial court.[2] **See Commonwealth v. Santiago**, 980 A.2d 659, 666 (Pa. Super. 2009) (explaining that even claims of constitutional dimension are waived "if not raised in the trial court") (citations omitted), **appeal denied**, 991 A.2d 312 (Pa. 2010); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Indeed, instead of challenging the testimony of Ms. Hughes under Section 5920, Appellant specially acquiesced to the trial court's acceptance of Ms. Hughes as an expert under Section 5920. N.T. Trial, 3/16/16, at 246, 248. Accordingly, Appellant's second issue is waived.

Order reversed. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

_____

[2] Appellant also fails to cite to the place in the record where this claim was preserved before the trial court. **See** Pa.R.A.P. 2117(c) and 2119(e) **see also Commonwealth v. Fransen**, 42 A.3d 1100, 1106 n. 11 (Pa. Super. 2012) (*en banc*) ("Failing to direct this Court to specific portions of the record in support of an argument violates Pa.R.A.P. 2119(c) [and for] that reason alone, we could conclude this issue is waived."), **appeal denied**, 621 Pa. 682, 76 A.3d 538 (2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/18/2018